JOSE M. ESPINOSA and ZAIDA ESPINOSA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Espinosa v. Commissioner
Docket No. 5275-71.
United States Tax Court
T.C. Memo 1973-20; 1973 Tax Ct. Memo LEXIS 268; 32 T.C.M. (CCH) 72; T.C.M. (RIA) 73020; January 29, 1973, Filed Jose M. Espinosa, pro se. John J. Reis, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: Respondent determined a deficiency in income tax due from the petitioners for a taxable year 1968 in the amount of $851.39. The sole issue for our determination is whether petitioners are entitled 2 to a net operating loss carryover deduction of $4,265.30 in the year 1968, resulting from a Cuban expropriation loss incurred in 1962. FINDINGS OF FACT All of the facts have been stipulated. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners are husband and wife whose legal residence at the time of the filing of the petition herein was Union City, New Jersey. A joint Federal income tax return was duly filed by the petitioners for the year 1968. The petitioners filed income tax returns for the taxable years 1962 and 1963, wherein no deduction for the expropriation loss was claimed. The petitioners filed income tax returns for the years 1964 and 1965, wherein they claimed deductions on account of carryovers of the expropriation *271 loss of $6,780.73 and $7,873.20, respectively. A proceeding before this Court with respect to the taxable year 1965 resulted in an agreement between 3 the petitioners and the Internal Revenue Service wherein it was agreed that petitioners' loss for Federal income tax purposes arising from the confiscation of the petitioners' property by the government of Cuba in the year 1962 did not exceed the sum of $35,000. The resulting loss was allocated as follows: Net operation loss carryover (prior years)
none
Cuban expropriation loss incurred in 1962
$35,000.00
1962 adjusted gross income
1,216.42
Net operating loss carryover to 1963
$33,783.58
1963 adjusted gross income
3,048.88
Net operating loss carryover to 1964
$30,734.70
Amount applied to income for 1964
6,780.73
Net operating loss carryover to 1965
$23,953.97
Amount applied to income for 1965
7,873.20
Net operating loss carryover to 1966
$16,080.77
The petitioners filed income tax returns for the taxable years 1966 and 1967 wherein they claimed deductions of $9,527.43 and $6,553.34, respectively, on account of the expropriation loss, thereby accounting for the full amount of the loss agreed *272 upon by the parties. 4 In their federal income tax return for the taxable year 1968, the petitioners sought to deduct $4,265.30 of the expropriation loss on the grounds that the amounts allocated to the years 1962 and 1963 had not, in fact, been deducted in those years.
OPINION In the Revenue Act of 1964, sec. 238, Pub. L. 88-272 (Feb. 26, 1964), Congress first enacted a provision, section 165(i), [1] whereby losses not otherwise deductible by reason of expropriation by the Cuban government would be allowable in the same manner as "casualty losses" under section 165(c) (3). As amended by sec. 3(a), Pub. L. 88-348 (June 30, 1964), section 165(i) provided, in material part, as follows: SEC. 165. LOSSES. * * * (i) Certain Property Confiscated by the Government of Cuba. - (1) Treatment as subsection (c) (3) loss. - For purposes of this chapter, in the case of an individual who was a citizen of the United States, or a resident alien, on December 31, 1958, any loss of property which - (A) was sustained by reason of expropriation, intervention, seizure, or similar taking of the property, before January 1, 1964, by the government of Cuba, any political subdivision thereof, *273 or any agency or instrumentality of the foregoing, and (B) was not a loss described in paragraph (1) or (2) of subsection (c), shall be treated as a loss to which paragraph (3) of subsection (c) applies. * * * [2]
Under section 172(b) (1) (A) and (B) losses under section 165(c) (3) constitute net operating losses which may be carried back to each of the three taxable years preceeding the year of the loss and carried over to each of the five taxable years following the year of the loss, as opposed to losses described in section 165(c) (1) or (2) resulting from expropriation 6 by a foreign government (including Cuba) which, in 1968, were able to be carried over to each of the ten taxable years following the year of the loss under section 172(b) (1) (D). [3]
*274 The petitioners contend that because the law under which such losses were allowed as a deduction was not passed until 1964 and because the litigation involving the taxable year 1965 was not compltetd until 1968, they should be entitled to deduct in 1968, the unused amount of the expropriation loss not deducted in 1962 and 1963. While we sympathize with the petitioners, the fact remains that their proper course of action was to deduct the loss in the year 1962 (a year in which they had adjusted gross income of $1,216.42, and no tax liability) and 1963 (a year in which they had adjusted gross income of $3,048.88 and tax liability of $65) in addition to the years 1964 through 1967, 7 for which such deductions were claimed and allowed. Regardless of whether the loss was one described in section 165(c) (1) or (2) or one described in section 165(i) to be treated as a loss under section 165(c) (3), the petitioners are not entitled to carry over any amount to the year 1968. The amount of $4,265.30, here sought to be deducted, was properly allocated by the respondent to the years 1962 and 1963 and had to be deducted, if at all, in those years. Accordingly, Decision will be entered *275 for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Sec. 165(i) was again amended by sec. 1(a), Pub. L. 91-677 (Jan. 12, 1971). ↩
3. Sec. 172(b) (1) (D) was also enacted as part of the Revenue Act of 1964; sec. 210(a) (3), Pub. L. 88-272 (Feb. 26, 1964). The 10-year carryover was extended to 15 years in the case of "trade or business" losses resulting from expropriation by the Cuban government by sec. 2(a), Pub. L. 91-677 (Jan. 12, 1971). ↩